IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PAUL A. PARKER,

    Plaintiff,

v.                                CIVIL ACTION NO. 3:07-0066

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

This matter is pending before the Court on petition of Paul A. Parker seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Plaintiff filed the petition following the Court's remand to the Commissioner for further proceedings. The Commissioner opposes the petition, asserting in his brief in opposition that the petition is "untimely." In his response, plaintiff concedes that the petition was filed two days beyond the "thirty days of final judgment" contemplated by the Act. 28 U.S.C. § 2412(d)(1)(B). Plaintiff states that the petition was late "due to simple clerical error in calculation, and therefore should be found to be excusable neglect." In an accompanying affidavit, an employee of counsel for plaintiff confirms that a "clerical error in counting" was "the cause of filing the petition two (2) days late."

It is well established that the statutory thirty day period for filing an EAJA application is not "jurisdictional," Scarborough v. Principi, 541 U.S. 401, 413-14 (2004), and the time limit has been held subject to the doctrine of equitable tolling,[1] a doctrine which, when applied "to suits against the

---

[1] See, Wilson v. Commissioner of Social Security Administration, No. 2:05cv44, 2008 WL 2308068 (N.D. W.Va. June 4, 2008).

Government," is applied "in the same way that it is applicable to private suits ... ." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990). "Federal courts," however, have "extended equitable relief only sparingly," allowing "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. at 96. Generally, "resort to equity" is "reserved for those rare instances where – due to circumstances external to the party's own conduct[2] – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is not, however, extended to "garden variety claim[s] of excusable neglect," Irwin v. Department of Veterans Affairs, supra at 96, and, as a consequence, does not extend to the "simple clerical error in calculation" which resulted in the untimely petition filed in this case.

On the basis of the preceding, plaintiff's petition for an award of attorney's fees under the Equal Access to Justice Act will be denied, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER: May 29, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]And, of course, external to the conduct of a party's counsel. See, Gayle v. United Parcel Service, Incorporated, 401 F.3d 222, 227 (4th Cir. 2005).